1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ANGELA MARGIS,                        No. 2:12-cv-01869-LKK-GGH

12            Plaintiff,

13       v.

14   U.S. BANK NATIONAL                    **ORDER**
     ASSOCIATION, et al,
15
              Defendants.
16

17

18        Plaintiff, proceeding pro se, has presented to this Court an application for a

19   Temporary Restraining Order "prohibiting Defendants U.S. Bank National Association …

20   from causing the Yolo County Sheriff to evict Plaintiff from [her] property."  Pl.'s Appl. at

21   2.

22        Plaintiff asserts that on September 18, 2012, she received a notice to vacate her

23   property from the Yolo County Sheriff's Department.  Id.  The pending eviction date is

24   September 25, 2012.  Id.  It appears from the papers submitted in this case that the

25   eviction that Plaintiff seeks to enjoin is scheduled to proceed pursuant to the judgment in

26   Plaintiff's unlawful detainer action in the Superior Court of California, County of Yolo.

27   See ECF No. 13 at 10.  Plaintiff previously sought a temporary restraining order to stay

28   State court unlawful detainer proceedings.  ECF No. 2.

                                            1

1    Judge Karlton denied Plaintiff's first application stating that the court could not "enjoin or

2    otherwise interfere with the State court proceeding."  ECF No. 4.

3           Issuance of a temporary restraining order, as a form of preliminary injunctive

4    relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of

5    such a remedy by clear and convincing evidence.  See Mazurek v. Armstrong, 520 U.S.

6    968, 972 (1997); Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  In

7    general, the showing required for a temporary restraining order and a preliminary

8    injunction are the same.  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.,

9    240 F.3d 832, 839 (9th Cir. 2001).

10          As recognized by the Supreme Court in Winter v. Natural Resources Defense

11   Council, 129 S. Ct. 365 (2008), the party requesting preliminary injunctive relief must

12   show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm

13   in the absence of preliminary relief, that the balance of equities tips in his favor, and that

14   an injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127

15   (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 374).  Alternatively, under the so-called

16   sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of

17   irreparable harm and show that an injunction is in the public interest, a preliminary

18   injunction can still issue so long as serious questions going to the merits are raised and

19   the balance of hardships tips sharply in Plaintiffs' favor.  Alliance for Wild Rockies v.

20   Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

21          Having considered the documents presented, the Court finds it lacks authority to

22   issue the temporary restraining order requested by Plaintiff.  Plaintiff asks the Court to

23   stay the state unlawful detainer proceedings by postponing enforcement of judgment.

24   Pursuant to the federal Anti–Injunction Act (AIA), "[a] court of the United States may not

25   grant an injunction to stay proceedings in a State court except as expressly authorized

26   by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or

27   effectuate its judgments."  28 U.S.C. § 2283.

28   ///

1    The AIA "is an absolute prohibition against enjoining state court proceedings, unless the

2    injunction falls within … specifically defined exceptions." Atlantic Coast Line Railroad

3    Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970).  The Court is

4    aware of no exception that could apply in this case.  See, e.g., McFarland v. Scott,

5    512 U.S. 849, 857 (1994) (exception for federal habeas corpus); Mitchum v. Foster,

6    407 U.S. 225 (1972) (exception for 42 U.S.C. § 1983); see also Scherbenske v.

7    Wachovia Mortgage, FSB, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009) ("There is no

8    federal statute authorizing a district court to enjoin a state unlawful detainer action.").

9          Accordingly, Plaintiff's application for a Temporary Restraining Order is hereby

10   DENIED.

11         IT IS SO ORDERED.

12

13   Dated:  September 24, 2012

14                                                    _____

15                                                    MORRISON C. ENGLAND, JR.
                                                     UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

                                            3