UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANGELA MARGIS, | No. 2:12-cv-01869-LKK-GGH |
| --- | --- |
| Plaintiff, | |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, et al, | **ORDER** |
| Defendants. | |

Plaintiff, proceeding pro se, has presented to this Court an application for a Temporary Restraining Order "prohibiting Defendants U.S. Bank National Association … from causing the Yolo County Sheriff to evict Plaintiff from [her] property." Pl.'s Appl. at 2.

Plaintiff asserts that on September 18, 2012, she received a notice to vacate her property from the Yolo County Sheriff's Department. Id. The pending eviction date is September 25, 2012. Id. It appears from the papers submitted in this case that the eviction that Plaintiff seeks to enjoin is scheduled to proceed pursuant to the judgment in Plaintiff's unlawful detainer action in the Superior Court of California, County of Yolo. See ECF No. 13 at 10. Plaintiff previously sought a temporary restraining order to stay State court unlawful detainer proceedings. ECF No. 2.

1 Judge Karlton denied Plaintiff's first application stating that the court could not "enjoin or
2 otherwise interfere with the State court proceeding." ECF No. 4.

3 Issuance of a temporary restraining order, as a form of preliminary injunctive
4 relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of
5 such a remedy by clear and convincing evidence. See <u>Mazurek v. Armstrong</u>, 520 U.S.
6 968, 972 (1997); <u>Granny Goose Foods, Inc. v. Teamsters</u>, 415 U.S. 423, 442 (1974). In
7 general, the showing required for a temporary restraining order and a preliminary
8 injunction are the same. <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>,
9 240 F.3d 832, 839 (9th Cir. 2001).

10 As recognized by the Supreme Court in <u>Winter v. Natural Resources Defense
11 Council</u>, 129 S. Ct. 365 (2008), the party requesting preliminary injunctive relief must
12 show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm
13 in the absence of preliminary relief, that the balance of equities tips in his favor, and that
14 an injunction is in the public interest." <u>Stormans, Inc. v. Selecky,</u> 586 F.3d 1109, 1127
15 (9th Cir. 2009) (quoting <u>Winter</u>, 129 S. Ct. at 374). Alternatively, under the so-called
16 sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of
17 irreparable harm and show that an injunction is in the public interest, a preliminary
18 injunction can still issue so long as serious questions going to the merits are raised and
19 the balance of hardships tips sharply in Plaintiffs' favor. <u>Alliance for Wild Rockies v.
20 Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011).

21 Having considered the documents presented, the Court finds it lacks authority to
22 issue the temporary restraining order requested by Plaintiff. Plaintiff asks the Court to
23 stay the state unlawful detainer proceedings by postponing enforcement of judgment.
24 Pursuant to the federal Anti–Injunction Act (AIA), "[a] court of the United States may not
25 grant an injunction to stay proceedings in a State court except as expressly authorized
26 by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or
27 effectuate its judgments." 28 U.S.C. § 2283.
28 ///

The AIA "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within … specifically defined exceptions." <u>Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers</u>, 398 U.S. 281, 286 (1970). The Court is aware of no exception that could apply in this case. <u>See</u>, <u>e.g.</u>, <u>McFarland v. Scott</u>, 512 U.S. 849, 857 (1994) (exception for federal habeas corpus); <u>Mitchum v. Foster</u>, 407 U.S. 225 (1972) (exception for 42 U.S.C. § 1983); <u>see</u> also <u>Scherbenske v. Wachovia Mortgage, FSB</u>, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009) ("There is no federal statute authorizing a district court to enjoin a state unlawful detainer action.").

Accordingly, Plaintiff's application for a Temporary Restraining Order is hereby DENIED.

IT IS SO ORDERED.

Dated:  September 24, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE