1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANGELA MARGIS,

11              Plaintiff,                        No. 2:12-cv-1869 LKK GGH

12        vs.                                     ORDER &
                                                  FINDINGS AND RECOMMENDATIONS
13   U.S. BANK, N.A., et al.,

14              Defendants.
                                            /
15

16            Plaintiff, who proceeds pro se, filed this action along with an application to

17   proceed in forma pauperis on July 16, 2012.  Dkts. 1, 3.  Before the court could screen the

18   complaint and rule on plaintiff's motion pursuant to 28 U.S.C. § 1915, defendant Sand Canyon

19   Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon") moved to dismiss the

20   complaint.  Dkt. 5.[1]

21            Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

22   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

23   \\\\\

24   _____

25        [1]Sand Canyon's motion also appears to be made by Ada Services Corporation f/k/a H&R
     Block Mortgage Corporation.  Dkt. 5.  But this party is not named as a defendant in the
26   complaint.  Dkt. 1.

                                                1

1    The motion to dismiss was originally noticed for hearing on September 20, 2012.

2  Dkt. 9.  Upon review of the motion and plaintiff's opposition to it (dkt. 11), the court determined

3  that oral argument would not be of material assistance and so vacated the hearing and submitted

4  the motion on the record on September 13, 2012 (dkt. 12).

5    After reviewing the papers in support of and in opposition to defendant's motion,

6  the court's record in this matter, and the applicable law, the court now FINDS AS FOLLOWS:

7  BACKGROUND

8    Because the factual allegations contained in the complaint which give rise to this

9  action are sparse, the background facts are also taken from defendant's motion to dismiss and the

10  exhibits attached thereto.[2]  On July 21, 2005, plaintiff obtained two loans secured by the real

11  property located at 125 Oak Avenue, Woodland, California 95695 ("the property").  See Dkts. 1

12  at 5; 5 at 3; 6-1; 6-2.  Both loans were subsequently assigned to Sand Canyon on or about

13  December 14, 2005.  See Dkts. 1 at 5-6; 5 at 4.  On April 30, 2008, plaintiff entered into a loan

14  modification agreement with defendant whereby the terms of the larger of the two loans were

15  altered as set forth therein.  See Dkt. 6-5.  Plaintiff received a notice of default with respect to

16  that loan "on or around mid June 2009."  Dkts. 1at 10; 6-6.  In December 2009, that loan was

17  assigned to defendant U.S. Bank National Association ("U.S. Bank").  See Dkts. 1 at 10; 5 at 4.

18  Eventually, the property was foreclosed-upon and sold at a trustee's sale on December 27, 2011.

19  Dkt. 6-8.

20    Plaintiff's original complaint, filed on July 16, 2012, alleges violations of the

21  federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 et seq., the Real Estate Settlement

22  Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq., and a host of state law claims including

23  breach of contract, fraud, deceit, collusion, forgery, perjury, negligence, slander, intentional

24  infliction of emotional distress and unfair competition, Bus.& Prof. Code § 17200.  See Dkt. 1.

25

26    [2] Plaintiff does not object to any of these facts.

1   The gravamen of plaintiff's allegations appear to be that all loan documents which she signed in

2   connection with securing the two loans were fraudulent, false, illegal, and null and void.

3           Before either defendant was properly served with the complaint, Sand Canyon

4   filed a motion to dismiss on August 8, 2012.  Dkt. 5.  Plaintiff opposed the motion on September

5   5, 2012 but never completed service on defendant U.S. Bank.  Without notice or leave of this

6   court, plaintiff filed a First Amended Complaint ("FAC") on September 21, 2012 including more

7   factual allegations than contained in the original complaint.  Dkt. 13.

8   DISCUSSION

9                   Defendant U.S. Bank, N.A.

10          As noted above, plaintiff names U.S. Bank as an additional defendant to this

11  action.  Dkt. 1.  A review of the record reveals that U.S. Bank has never been served with the

12  complaint.  Nor has this defendant joined in Sand Canyon's motion or filed its own motion to

13  dismiss.  Nonetheless, the court will consider the motion to dismiss as equally applicable to this

14  defendant who stands in the same position of liability as Sand Canyon.  See Abagninin v.

15  AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) (dismissing with prejudice non-

16  served defendants who were in a similar position to other defendants and where plaintiff could

17  not allege essential elements of the action applicable to all defendants).

18                  Defendant's Request for Judicial Notice

19          Defendant requests that the court take judicial notice of eight documents: (1) both

20  deeds of trust executed on July 21, 2005 secured by the property at 125 Oak Avenue, Woodland,

21  California 95695 (dkts. 6-1; 6-2); (2) the assignments of both deeds of trust on November 14,

22  2005 (dkts. 6-3; 6-4); (3) the loan modification agreement executed on April 30, 2008 (dkt. 6-5);

23  (4) the notice of default and election to sell under deed of trust dated June 6, 2009 (dkt. 6-6); (5)

24  the assignment of the loan for $352,000.00 to U.S. Bank dated December 5, 2009 (dkt. 6-7); and

25  (6) the trustee's deed upon sale of the property dated December 28, 2011 (dkt. 6-8).

26  \\\\\

1    Although a court generally is confined to the pleadings on a Rule 12(b)(6) motion,

2    it can also consider facts which may be judicially noticed.  Mullis v. United States Bankruptcy

3    Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  "A judicially noticed fact must be one not subject to

4    reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

5    trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

6    cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Consideration of these documents

7    outside the complaint will not convert the motion into a motion for summary judgment.  United

8    States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003).  In her opposition and the FAC, plaintiff

9    claims that all of the documents related to the loan at issue here are fraudulent; that they were

10   forged at the recorder's office and are therefore null and void.  Dkts. 11, 13.  Regardless, the

11   court may take judicial notice of these public records, which bear the stamp of the Yolo

12   Recorder's Office, without admitting any facts contained in these documents.  See U.S. v.

13   Corinthian Colleges, 655 F.3d 984, 998-999 (9th Cir. 2011) (court may take judicial notice of

14   matters of public record but not of facts that may be subject to reasonable dispute by either

15   party).  Therefore, the court notices that these documents were, in fact, executed and filed as they

16   appear but need not admit anything more about their substance.

17          Motion to Dismiss

18          At the outset, the court notes that plaintiff provides no factual allegations

19   specifically directed to her TILA or RESPA claims in the original complaint.  Indeed, both of

20   these statutes appear only on the last page in headings with no supporting allegations.  See Dkt. 1

21   at 17.  In the FAC — filed *after* plaintiff's opposition to the motion to dismiss — plaintiff

22   includes allegations with respect to both of these claims.  Even considering the allegations set

23   forth in the FAC, plaintiff's claims still fail as a matter of law.

24          *TILA*

25          TILA provides that a plaintiff can bring an action to recover damages "within one

26   year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The original

4

1   complaint alleges that defendants "drafted, recorded and relied upon a multitude of fraudulent

2   documents," which were, in turn, illegal, null and void.  Dkt. 1 at 3.  In the FAC, plaintiff added

3   that defendants violated 15 U.S.C. § 1601 by failing to disclose the terms of their credit;

4   specifically, that their mortgage payment would increase over time.  See Dkt. 13 at 25-26.  The

5   court presumes that the agreement which forms the basis of this allegation is the loan

6   modification agreement (dkt. 6-5) executed on April 30, 2008.

7          TILA violations include the failure to provide the required disclosures pursuant to

8   15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the

9   "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632.  To recover

10   damages arising from alleged TILA violations, a plaintiff must file an action to recover damages

11   "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The

12   loan modification agreement was executed in April 2008 but this action was not filed until July

13   2012, well over one year from the date the loan was consummated.

14          To the extent that plaintiff seeks rescission of the loan modification agreement,

15   the time in which to do so has also expired.  Section 1635(b) provides for the return of money or

16   property upon rescission.  Where the required forms and disclosures have not been delivered to

17   the obligor, 15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three

18   years after the date of consummation of the transaction or upon the sale of the property,

19   whichever occurs first."  Plaintiff must file a complaint seeking rescission before the statute of

20   limitation expires.  The three year period for filing TILA rescission claims is an absolute statute

21   of repose that cannot be tolled.  Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir.

22   2002).  Seeing as though this action was filed on July 16, 2012, more than four years after

23   consummation of the loan, any claim of rescission under TILA is time-barred.

24   \\\\\

25   \\\\\

26   \\\\\

1        *RESPA*

2        12 U.S.C. § 2605(e)(1) of the RESPA requires the servicer to provide information

3 relating to the servicing of the loan upon a qualified written request by the borrower.  In the FAC,

4 plaintiff alleges that defendants violated § 2605 in that they were not the proper "servicers" under

5 the statute, could not have been appropriately crediting plaintiff's payments to her account, and

6 were falsely providing information of overdue payments to consumer reporting agencies.  See

7 Dkt. 13 at 23.

8        The court need not reach the merits of plaintiff's allegations because any claim

9 under RESPA is time-barred.  Section 2614 of that statute requires that all actions for violations

10 of § 2605 be brought within three years from the date of the occurrence of the violations.  See12

11 U.S.C. § 2614.  To the extent plaintiff wished to challenge the propriety of the servicing

12 arrangement on her loan, she had three years from the date of the loan modification agreement in

13 which to do so.  That agreement was executed in April 2008, requiring plaintiff to have brought

14 suit by April 2011.  Dkt. 6-5.  Accordingly, plaintiff's RESPA claims are time-barred and should

15 be dismissed.

16        *State Law Claims*

17        As there are no federal claims remaining, this court declines to exercise

18 supplemental jurisdiction over plaintiff's various state law claims.  See 28 U.S.C. § 1367(c)(3)

19 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the

20 district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v.

21 Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) ("'in the usual case in which all

22 federal-law claims are eliminated before trial, the balance of factors . . . will point toward

23 declining to exercise jurisdiction over the remaining state-law claims'"), quoting

24 Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

25 \\\\\

26 \\\\\

1  CONCLUSION

2       For the reasons stated herein, IT IS HEREBY ORDERED that:

3       1.      Plaintiff's request to proceed in forma pauperis (dkts. 3, 14) is

4               GRANTED.

5       2.      Defendant's request for judicial notice is GRANTED.

6       IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (dkt. 5) be

7  granted and this action be dismissed with prejudice against all defendants.  These findings and

8  recommendations are submitted to the United States District Judge assigned to this case,

9  pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with

10 these findings and recommendations, plaintiff may file written objections with the court.  The

11 document should be captioned "Objections to Magistrate Judge's Findings and

12 Recommendations."  Plaintiff is advised that failure to file objections within the specified time

13 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

14 Cir. 1991).

15 DATED: January 18, 2013

16                          /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

17

18
   ggh9
19 Margis1869MTD

20

21

22

23

24

25

26